UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOAN VRADENBURGH,<br><br>               Plaintiff<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>               Defendant | Civil No. 05-CV-173-P-S |

Gene Carter, Senior District Judge

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Now before the Court is Plaintiff's Motion to Remand to Superior Court. (Docket Item No. 8). For the reasons set forth below that motion will be granted.

**I.    FACTS AND PROCEDURAL POSTURE**

Plaintiff Joan Vradenburgh commenced this action on August 19, 2005, in the Superior Court of Cumberland County, Maine. Plaintiff claims that she suffered severe personal injury caused when an employee of Defendant Wal-Mart Stores, Inc. negligently struck her with a forklift. The complaint alleges that Plaintiff "has incurred and will continue to incur medical expenses and has endured and will continue to endure pain and suffering, loss of enjoyment of life and permanent impairment."

Shortly after the complaint was filed, counsel for Defendant sought a stipulation by Plaintiff that she did not seek damages in excess of $74,999. Plaintiff refused to sign

the stipulation. Defendant subsequently removed the case to this Court claiming subject matter jurisdiction based upon diversity of citizenship. *See* 28 U.S.C. § 1332.

On September 20, 2005, Plaintiff filed the motion now pending. Plaintiff argues that the action must be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000. As evidence that the jurisdictional requirement is not met, Plaintiff submitted an Affidavit of her counsel asserting the following relevant facts: (1) Plaintiff does not seek damages in excess of $70,000, (2) total special damages in this case do not exceed $20,000, and (3) in Plaintiff's counsel's professional opinion, the case does not have a value in excess of $70,000. Affidavit of William K. McKinley (attached to Plaintiff's Motion to Remand to Superior Court (Docket Item No. 8)).

Defendant originally opposed the motion to remand. *See* Defendant's Opposition to Plaintiff's Motion to Remand to Superior Court (Docket Item No. 9). On October 14, 2005, however, Plaintiff filed a Stipulation of Damages stating that she does not seek damages in excess of $74,999.99 and that she shall not be entitled to a judgment in excess of that amount in any Court. Stipulation of Damages (Docket Item No. 10). Following the Stipulation of Damages, Plaintiff and Defendant jointly filed an "Agreement to Remand Case to Superior Court." (Docket Item No. 11)

## II.   DISCUSSION

The Court's authority to remand this action is governed by federal statute. 28 U.S.C. §§ 1441, 1447. Section 1447 requires this Court to remand any case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Accordingly, if Plaintiff's claim fails to meet the

jurisdictional requirement that the amount in controversy exceed $75,000, the case must be remanded.[1]  28 U.S.C. § 1332(a).

Although Plaintiff has, subsequent to the removal of the case, stipulated that her claim is for less than $75,000, that stipulation is not determinative of this Court's jurisdiction.  The United States Supreme Court has long held that events occurring subsequent to removal may not oust the federal court of jurisdiction.  *St. Paul Mercury Indemnity Co., v. Red Cab Co.*, 303 U.S. 283, 289-91 (1938); *see Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001).  Thus, the relevant inquiry is whether the amount in controversy was greater than $75,000 on the day the action was removed.  *See id.*

This Court has previously set forth the applicable standard when considering if removal is warranted for failure to meet the amount in controversy requirement.  *See Doughty v. Hyster New England*, 344 F. Supp. 2d 217, 218-19 (D.Me. 2004).  The issue to be resolved is framed by the case of *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. at 294, and is whether the record establishes that the litigation value of Plaintiff's claim, at the time of removal, was in excess of $75,000.  Both *Satterfield v. F.W. Webb, Inc.*, 334 F. Supp. 2d 1 (D.Me. 2004) (Singal, Chief Judge), and this case fall within the rationale of the holding in *St. Paul* which proceeds from two legal propositions; (1) if a Plaintiff does not wish to litigate his claim in federal court, he may resort to the expedient of suing for less than the jurisdictional amount though he would be justly entitled to more, *id.* at 294, and (2) once his case is legitimately removed to federal court, the Plaintiff cannot by subsequent agreements, stipulations or amendments

---

[1] Although the parties have agreed that the case should be remanded, neither § 1441 nor § 1447 appear to authorize this Court to remand an action based solely upon assent of the parties.  Because the Court has determined that the case must be remanded due to lack of subject matter jurisdiction, however, the Court need not consider whether such authority may exist.

reducing the amount of his claim, divest the federal court of jurisdiction because such a result would defeat the Defendant's statutory right of removal after it has vested, *id.* at 293-94.

In determining whether the amount in controversy element is satisfied, the Court considers whether, taking all reasonable inferences in favor of Plaintiff's Complaint, the Court is persuaded by a preponderance of the evidence that the litigation value of the case exceeds $75,000. *Doughty*, 344 F. Supp. 2d at 218-19. After carefully reviewing the record in this case, the Court is not so persuaded, and accordingly, it is appropriate to remand the case to the state court.

Plaintiff's complaint offers few details regarding the harm she is alleged to have suffered. Although the complaint makes reference to injuries which it describes as serious and permanent, it contains no further elaboration on those injuries which would assist the Court in determining their litigation value. Likewise, Plaintiff's claims of medical bills, pain and suffering, and loss of enjoyment of life are similarly devoid of any elaboration that could assist in that determination.

The only other evidence in this record bearing on litigation value supports the parties' joint contentions that the litigation value is less than $75,000. Specifically, by affidavit Plaintiff's attorney has provided his opinion that the value of Plaintiff's losses do not exceed $70,000. That same affidavit indicates that Plaintiff's special damages do not exceed $20,000. Furthermore, Plaintiff's stipulation that her claim is for less than $75,000 offers some evidence of its value at the time of removal, as the record demonstrates that Plaintiff has, even prior to removal, consistently maintained that her claim does not exceed $75,000. Accordingly, the Court is not persuaded by a

4

preponderance of the evidence that the amount in controversy exceeds $75,000, and **CONCLUDES** that the case must be remanded.

### III.   CONCLUSION

It is **ORDERED** that Plaintiff's Motion to Remand be, and it is hereby, **GRANTED**.

/s/Gene Carter_____

**GENE CARTER**
Senior United States District Judge

Dated at Portland, Maine this 26th day of October, 2005.